# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JERMAINE MONTEIL CANNON, )
)
Plaintiff, )
)
v. ) No. CIV-07-127-S
)
CHESTER MASON, et. al., )
)
Defendants. )

## ORDER

Plaintiff, Jermaine Cannon, appearing *pro se*, has filed with this court a civil rights complaint pursuant to 42 U.S.C. Sec. 1983 pertaining to his stay at the Oklahoma State Penitentiary.

On April 30, 2007, while a prisoner at the Oklahoma State Penitentiary plaintiff filed his civil rights complaint alleging numerous civil rights violations. Specifically, plaintiff alleges defendants have violated his Eighth Amendment and Fourteenth Amendment rights by failing to provide or to ensure that he was provided adequate medical treatment. He alleges that defendants have denied him medical services and medication from specialists, that Department of Corrections's medical policy is unconstitutional on its face, and that one physician makes all the judgment calls regarding a prisoner's treatment. Plaintiff seeks declaratory relief, injunctive relief, and compensatory damages.

At all times relevant to his complaint, plaintiff was housed at the Oklahoma State Penitentiary. To exhaust his administrative remedies pursuant to the Department of Corrections grievance

1

procedures for all claims not involving misconducts, a prisoner
within Department of Corrections's custody is required to
properly and timely file for each claim: 1) a request to staff,
2) a grievance to the facility head, 3) an appeal of the facility
head's response to the administrative review authority.  An
inmate has not exhausted his available administrative remedies
until he properly and timely files a grievance appeal to the
administrative review authority (or the chief medical officer for
medical grievances) and receives a response from that official.
Oklahoma State Penitentiary grievance logs for the relevant time
period indicate that plaintiff failed to file any grievance to
the Oklahoma State Penitentiary.  Further, plaintiff has not
filed a medical grievance appeal to the chief medical officer or
the the Department of Correction's administrative review
authority.  Plaintiff has simply failed to exhaust his
administrative remedies as to any claim in his lawsuit.

A plaintiff is required to exhaust each claim prior to
bringing litigation.  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison
> conditions under section 1983 of this title, or any
> other Federal Law, by a prisoner confined in any jail,
> prison, or other correctional facility until such
> administrative remedies as are available are exhausted.
> 42 U.S.C. Sec. 1997e(a).

In <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir.
2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not
> complete it is barred from pursuing a 42 U.S.C. Sec.
> 1983 claim under the Prison Litigation Reform Act for
> failure to exhaust his administrative remedies. <u>Wright
> v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In
> <u>Wright</u>, an inmate alleged that he had substantially

> complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." Wright at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. Porter v. Nussle, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

After careful review, the court finds the plaintiff has simply failed to exhaust his administrative remedies as to his claims. Accordingly, defendants' motion to dismiss/motion for summary judgment is hereby **GRANTED**.

**IT IS SO ORDERED** this 18th day of December, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma